IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



JOHN O. TRAVERS                                                   PLAINTIFF

VS.                                                       CIVIL ACT. NO. 3:17cv 276 TSL-LRA

SUPERIOR PROTECTION SERVICES, INC. dba
ADVERT GROUP USA and JOHN DOES PERSONS
AND ENTITIES 1 THROUGH 10                          DEFENDANTS

## COMPLAINT
## (JURY TRIAL DEMANDED)

JOHN O. TRAVERS, by and through counsel, files this Complaint against SUPERIOR PROTECTION SERVICES, INC. dba ADVERT GROUP USA and JOHN DOES PERSONS and ENTITIES 1 THROUGH 10, as follows:

1. Plaintiff John O. Travers (hereinafter "Travers" and/or "Plaintiff"), at all times pertinent to the allegations of the Complaint, was an adult resident citizen of the State of Mississippi and is now a resident of the State of Washington.

2. Defendant Superior Protection Services, Inc. *dba* Advert Group USA (hereinafter "Advert Group") is a business entity organized and existing under the laws of the State of Arkansas. Defendant Advert Group may be served with process through its registered agent Chris McMunn, 232 Market Street, Flowood, MS 39232.

3. Defendant John Doe Persons and Entities 1 through 10 are agents, representatives and/or persons residing/located and/or having their principal place of

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 1 of 8

business or elsewhere within the judicial district of the Court, acting at the direction of/in concert with Defendant, the conduct of whom/which subjects them to individual liability under the laws of the State of Mississippi; and/or are "alter egos" of the named Defendant; and/or are corporations, individuals or other entities that caused or contributed to Plaintiffs' damages as set-forth herein.

## JURISDICTION and VENUE

4. In part, this is an action to recover unpaid wages and overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"). This Court has subject matter jurisdiction of this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because this is an action by an employee to recover unpaid wages and overtime compensation from his employers, and pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. This Court also has jurisdiction under § 1332 in that the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

6. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the Court has original jurisdiction and the claims are so related to the claims in the original actions such that they form a part of the same case or controversy.

## FACTS

7. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 6 of the Complaint.

**COMPLAINT**
*(Jury Trial Demanded)*
John O. Travers v. Advert Group USA
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 2 of 8

8. As stated in more detail below, Defendant Advert Group employed Plaintiff as a correctional officer at the Southwest Regional Correctional Facility in Leakesville, Mississippi, between the periods of November 2014 and April 16, 2015. At all times pertinent to the allegations of the Complaint, Defendant Advert Group engaged in interstate commerce (ordering and receiving goods and materials from sellers outside the State of Mississippi, advertising on the internet, using telephone lines to conduct business in interstate commerce and maintaining offices and performing work in multiple states and locations) with annual gross revenues of at least Five Hundred Thousand Dollars ($500,000.00) and with more than two (2) employees.

9. At all times pertinent to the allegations of the Complaint, Plaintiff Travers was an employee of Defendant Advert Group, working as a correctional officer at the Southwest Mississippi Correctional Institute. Defendant Advert Group regularly supervised and controlled Plaintiff's work and his schedule and gave him instructions on what work/duties he needed to perform and complete. When Plaintiff was hired by Defendant Advert Group, he was to be paid Ten Dollars and Fifty Cents ($10.50) per hour.

10. Defendant Advert Group regularly refused to pay Plaintiff and its other employees overtime wages when due. As a result of complaints from Plaintiff, Defendant Advert Group manipulated its time records to make it seem as though Plaintiff (and other employees) worked less than forty (40) hours per work or that overtime wages were otherwise not owed. These actions on the part of Defendant Advert Group, in addition to being a violation of the FLSA, were wilful and tortious. That is, Defendant Advert Group wilfully failed to pay Plaintiff wages for time actually worked, as well as overtime for hours

**COMPLAINT**
*(Jury Trial Demanded)*
John O. Travers v. Advert Group USA
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 3 of 8

worked in excess of 40 hours in a workweek in violation of 29 U.S.C. §§ 206-207. As a result of the unlawful conduct stated herein, Plaintiff has suffered and continues to suffer damages. Plaintiff has made a demand for the damages owed but has been refused payment.

11. In addition, Defendant Advert Group required Plaintiff and its other employees to appear for work for "muster" at least fifteen (15) minutes prior to each shift, but failed to pay Plaintiff and its other employees for this time in violation of the FLSA. Plaintiff complained to his supervisors regarding this practice, as well as the manipulation of employees' time records and systematic "shorting" of employees' checks.

12. In retaliation for Plaintiff's complaints, Defendant Advert Group created a hostile work environment for Plaintiff and ultimately, falsified a report of misconduct and used it as a basis to fire him.

## UNPAID OVERTIME COMPENSATION/FAILURE TO PAY FOR MUSTER TIME

13. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 12 of the Complaint.

14. The FLSA requires employers to pay employees overtime compensation, equal to one-and-one-half (1 ½) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. 29 U.S.C § 207. At all times during his employment, Plaintiff was not paid overtime wages at the required rate for each and every hour that he worked in excess of forty (40) hours per week.

15. At all times, Defendant Advert Group was aware that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation. Defendant

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 4 of 8

knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff overtime compensation violated the FLSA. In addition/in the alternative, Defendant Advert Group intentionally manipulated its pay records to make it seem as though Plaintiff (and other employees) did not work the requisite number of hours to qualify for overtime.

16. In addition/in the alternative, because Defendant Advert Group required Plaintiff and its other employees to appear for work for "muster" at least fifteen (15) minutes prior to each shift, but failed to pay Plaintiff and its other employees for this time in violation of the FLSA, Defendant inappropriately failed to include this time when calculating when overtime was due.

17. Plaintiff was required to appear for muster time as part of his job, making this time required, mandatory work time. Thus, under the FLSA, Defendant Advert Group was obligated to pay Plaintiff and its other employees for muster time, but wilfully refused to do so.

18. Defendant failed to maintain accurate employment records of Plaintiff and its other employees, including the number of hours actually worked by Plaintiff, as required Section 516.2 of Title 29 of the United States Code of Federal Regulations. This failure to maintain accurate records was wilful and intentional.

19. These practices violated the FLSA, and as a result, Plaintiff suffered damages and unpaid compensation.

20. Defendant is liable to Plaintiff for actual damages, liquidated damages and reasonable attorney's fees, costs and expenses.

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 5 of 8

## RETALIATORY DISCHARGE

21. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 20 of the Complaint.

22. Under the FLSA, it is unlawful to discharge or in any other manner discriminate any employee because such employee has filed or made any complaint, whether formal or informal.

23. At all times pertinent to the allegations of the Complaint, Plaintiff's complaints to his supervisors were at all times reasonable under the circumstances (including phone calls, emails and face-to-face conversations with his supervisors) and did not interfere with the performance of his job or Defendant's ability to operate its business and therefore, qualified as protected activity. As a direct result of Plaintiff's protected activity, Defendant Advert Group fired him, falsifying a report of misconduct as a basis for his termination. Defendant Advert Group does not have a legitimate, non-discriminatory reason for terminated Plaintiff, and any reason offered by Defendant is mere pretext.

24. As a result, Defendant is liable to Plaintiff for actual damages, liquidated damages and reasonable attorney's fees, costs and expenses.

## DAMAGES

25. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 24 of the Complaint.

26. As a direct result of Defendants' conduct, Defendants are liable to Plaintiff for actual damages, liquidated damages and reasonable attorney's fees, costs and expenses.

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 6 of 8

27. As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiff has suffered, and continues to suffer, substantial actual, economic and compensatory damages, including but not limited to economic losses, such as attorney's fees incurred in bringing this action and other damages to be shown at the trial of this matter, for all of which Plaintiff is entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

28. The actions of Defendants, and each of them, as set forth in the preceding paragraphs, other than those specifically pled as and/or which otherwise constitute mere negligence, were so outrageous and/or malicious as to shock the conscious of a reasonable person. As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiff for an amount of money sufficient to compensate him for punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

29. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others and committed actual fraud, making the Defendants, and each of them, liable to Plaintiff for punitive damages, under Miss. Code Ann. § 11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 7 of 8

## RESERVATION OF CLAIMS

30. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 29 of this Complaint.

31. As a result of Defendants' conduct as outlined herein, Plaintiff is without knowledge or information sufficient to form a belief as to whether other claims and damages may exist. However, contingent on the facts revealed by investigation and discovery, Plaintiff expressly reserves his right to raise any additional claims and assert any additional grounds as may be appropriate.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff demands a trial by jury and judgment from and against Defendants, including John Does, jointly and severally for actual, compensatory, consequential, incidental, extra-contractual and/or punitive damages, as well as costs and attorney's fees, and any other available relief. Plaintiff also asks this Court for any and all other relief it may deem appropriate under the circumstances.

Respectfully submitted,
**JOHN O. TRAVERS**

By: _Timothy D. Moore_ /s/ Timothy D. M.
Timothy D. Moore (MSB #10494)
The Law Office of Timothy D. Moore, PLLC
120 North Congress Street, Ste. L2 (39201)
P.O. Box 23939
Jackson, MS 39225
601.321.9629 TEL
601.397.6941 FAX
601.988.4590 CELL
tmoore@tdmoorelaw.com
www.tdmoorelaw.com

**COMPLAINT**
*(Jury Trial Demanded)*
*John O. Travers v. Advert Group USA*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 8 of 8